UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LORIN CARPTENTER, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

       -against-

OSCAR HEALTH, INC. et al.,

                      Defendants.

------------------------------------------------------------------X

**22-CV-03885 (ALC) (VF)**

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2022

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Plaintiff Lorin Carpenter commenced this action, on behalf of himself and all others similarly situated, against Oscar Health, Inc. ("Oscar") and various other defendants alleging violations of Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.*

      Initially, four movants sought appointment as lead plaintiff in this action. See ECF Nos. 14, 17, 21 & 25. Two of the four movants have since filed notices of non-opposition to the competing motions. See ECF Nos. 46, 48. The two remaining individual movants—Vicki Riley-Fischer and Robert Scott Heon—subsequently filed a Proposed Order, stipulating to their appointment as co-lead plaintiff and appointment of their respective counsel as co-lead counsel. See ECF No. 50. No member of the purported plaintiff class opposes the appointment of Fischer and Heon as co-lead plaintiff.

      For the reasons stated herein, the Court now appoints Heon and Fischer as Co-Lead Plaintiff and their respective attorneys are approved as Co-Lead Counsel.

1

**BACKGROUND**

Oscar is a health-insurance company that claims to be the first such company "built around a full stack technology platform," which will allow it "to continue to innovate like a technology company and not a traditional insurer." Compl. ¶ 2, ECF No. 1. Plaintiff commenced this class-action suit on May 12, 2022, on behalf of investors who purchased or acquired Class A common stock of Oscar pursuant to the registration statement and prospectus issued in connection with the company's initial public offering ("IPO") in March 2021. Id. ¶ 1. Plaintiff claims that the registration statement was materially false and misleading and omitted to state, among other things, that Oscar was experiencing growing COVID-19 testing and treatment costs, and that Oscar was on track to be negatively impacted by significant "Special Enrollment Period" membership growth. Id. ¶ 9. Following certain disclosures by the company between August 2021 and November 2021, Oscar's share price declined to $12.47 on November 11, 2021—a more than 85% decline from the $39.00 per share price at the time of its IPO. Id. ¶¶ 4-8.

The complaint asserts two causes of action. The first cause of action alleges a violation of Section 11 of the Securities Act, 15 U.S.C. § 77k, against all defendants, for misrepresentations and omissions made in the company's registration statement. Id. ¶¶ 63-71. And the second cause of action alleges a violation of Section 15 of the Securities Act, 15 U.S.C. § 77o, against only the individual defendants. Id. ¶¶ 72-76.

Now before the Court is the unopposed motion for the appointment of Heon and Fischer as co-lead plaintiff and for appointment of their respective attorneys as co-lead counsel.[1] "Even

---

[1] Although no other purported plaintiff opposes Heon and Fischer's appointment as co-lead plaintiff, Oscar responded to the pending motions on July 26, 2022. See ECF No. 52. Although Oscar "takes no position on the motions for appointment of lead plaintiff or lead counsel," it contends that Heon and Fischer have not proffered the evidentiary showing required for the Court to determine that they can function effectively to manage the litigation. Id. at 1-2.

when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc., 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018); see also Springer v. Code Rebel Corp., No. 16-CV-3492, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) (noting that although motion was "unopposed, the Court must still ensure that it is the most adequate plaintiff under the PSLRA"). A Magistrate Judge may issue an order appointing lead plaintiff and approving lead counsel under Rule 72 of the Federal Rules of Civil Procedure. See City of Hollywood Police Officers Ret. Sys. v. Henry Schein, Inc., 2019 WL 13167890, at *1 n.1 (E.D.N.Y. Dec. 23, 2019) (collecting cases); Salim v. Mobile TeleSystems PJSC, 2019 WL 11095253, at *1 n. 2 (E.D.N.Y. Sept. 11, 2019).

## DISCUSSION

The Private Securities Litigation Reform Act ("PSLRA") establishes the procedure for the appointment of a lead plaintiff in class actions brought pursuant to the Securities Act. As an initial matter, the plaintiff who files the first action must publish notice to the class within twenty (20) days of filing the action, informing class members of (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. See 15 U.S.C. § 78u–4(a)(3)(A)(I). Within sixty days after publication of the notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. See 15 U.S.C. § 78u–4(a)(3)(A)-(B).

---

As discussed, see infra p. 7-8, Heon and Fischer's sworn declaration adequately demonstrates that they are both sophisticated investors who will work together cohesively to effectively pursue the claims on behalf of the class.

3

Within ninety days after publication of notice, the PSLRA provides that the Court shall consider any motion made by a purported class member and shall appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the court "adopt[s] a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that": (1) "has either filed the complaint or made a motion in response to a notice"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)-(cc). The Court's identification of the presumptively most adequate lead plaintiff may be rebutted if class members offer evidence that the presumptive lead plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

### A. Timely Notification and Filing

The PSLRA allows any member of the class, or group of class members, to move for appointment as lead Plaintiff within sixty days of the publication of notice that the action has been filed. See 15 U.S.C. § 78u–4(a)(3)(A)(I)(II). In this case, on May 12, 2022, the same day the complaint was filed, counsel for Plaintiff published notice of the action in Business Wire, alerting investors to the pendency of the action and informing them that they had "60 days from this notice" to seek appointment as lead plaintiff. See Decl. of Adam M. Apton ("Apton Decl."), Ex. C, ECF No. 19-3. The press release in Business Wire was an appropriate means of satisfying the PSLRA's notice requirement. See In re Hebron Tech. Co. Sec. Litig., No. 20-CV-4450

4

(PAE), 2020 WL 5548856, at *2 (S.D.N.Y. Sept. 16, 2020) (concluding that notification in Business Wire was an appropriate means of satisfying the notice requirement).

Based on the May 12th publication date, the 60-day period in which members of the proposed class could move to serve as lead plaintiff of said class expired on July 11, 2022. Both Heon and Fischer filed their respective motions to be appointed as lead plaintiff on July 11, 2022. See ECF Nos. 17, 25. As such, both Heon and Fischer have timely moved for status as lead plaintiff.

### B. Largest Financial Interest

The PSLRA presumes that the movant (or group of movants) asserting the largest financial interest in the relief sought by the class and who otherwise satisfy the requirements of Rule 23 is the most adequate plaintiff. See 15 U.S.C. § 78u–4(a)(3)(B)(iii). In assessing the financial interests of parties moving to be appointed lead plaintiff, courts will generally consider "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Of those factors, the losses suffered during the class period is considered to be the most important. In re Blue Apron Holdings, Inc. Sec. Litig., No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017) (citing Khunt v. Alibaba Grp. Holding Ltd., 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015)); In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 437 (S.D.N.Y. 2008).

Heon represents that he acquired 6,410 shares during the class period for approximately $249,990. Apton Decl., Exc. B, ECF No. 19-2. As of May 12, 2022, the shares were valued at approximately $36,665.20. Id. Heon thus estimates that he suffered an approximate loss of

$213,324.80. Id. Fischer represents that she acquired 16,133 shares during the class period for approximately $510,359.68. Decl. of Gregory B. Linkh ("Linkh Decl."), Ex. C, ECF No. 27-3. Fischer sold the shares on December 28, 2021, for $131,492.37, suffering a loss of approximately $378,867.31. Id. Combined, Heon and Fischer suffered financial losses of $592,192.11. No other plaintiff has come forward suggesting that she has a greater financial interest in this litigation.

### C. Requirements of Rule 23

The final requirement for selecting a lead plaintiff requires that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) permits a party to sue on behalf of a class subject to meeting four requirements: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). At this stage, "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." In re Paysafe Ltd., No. 21-CV-10611 (ER) (KHP), 2022 WL 1471122, at *7 (S.D.N.Y. May 10, 2022).

Heon and Fischer have made preliminary showings as to both requirements. "The typicality requirement 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" Maliarov v. Eros Int'l PLC, Nos. 15-CV-8956 (AJN), 16-CV-223 (AJN), 2016 WL 1367246, at *6 (S.D.N.Y. Apr. 5, 2016) (quoting In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992)). In this case, Heon and Fischer, like all members of the class,

allege that Defendants made material misstatements and omissions concerning Oscar's business, operations, and financial results, in connection with the company's initial public offering. See ECF No. 26 at 7; ECF No. 18 at 8. Heon and Fischer's claims thus appear typical of the purported class as a whole. See Compl. ¶ 40, ECF No. 1.

To satisfy the adequacy requirement at this stage of the proceedings, Heon and Fischer must make a preliminary showing that "(1) [their choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff[s] and the members of the class; and (3) [they have] a sufficient interest in the outcome of the case to ensure vigorous advocacy." Foley v. Transocean Ltd., 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Heon's and Fischer's chosen law firms, Levi & Korsinsky, LLP, and Glancy, Prongay & Murray LLP, have extensive experience in complex securities class-action suits, including serving as lead counsel in securities class actions in this District. See Apton Decl., Ex. E, ECF No. 19-5; Linkh Decl., Ex. D, ECF No. 27-4. Both firms are well qualified to represent the class as co-lead counsel and no other plaintiff suggests otherwise. Additionally, no plaintiff suggests that either Heon or Fischer would have a particular conflict between his or her own interests and those of the class, generally, or that either plaintiff's financial interest in the litigation would be insufficient to ensure vigorous advocacy of the claims.

Lastly, though the PSLRA expressly permits a "group of persons" to be appointed as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(b)(iii)(I), the PSLRA does not define what a "group" can or should be, nor how its "members" must be related to one another. See In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 99 (S.D.N.Y. 2005). In this District, courts have permitted unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-case basis, if such a grouping would best serve the class. See, e.g., In re Oxford Health Plans, Inc. Sec. Litig., 182

7

F.R.D. 42, 49 (S.D.N.Y. 1998) ("Because the PSLRA does not recommend or delimit a specific number of lead plaintiffs, the lead plaintiff decision must be made on a case-by-case basis, taking account of the unique circumstances of each case."); Springer, 2017 WL 838197, at *3 (approving unopposed motion for co-lead plaintiffs); see also In re Star Gas Sec. Litig., No. 04-CV-1766 (JBA), 2005 WL 818617, at *4 (D. Conn. Apr. 8, 2005) (explaining that a majority of courts have allowed "a group of unrelated investors to serve as lead plaintiffs when it would be most beneficial to the class under the circumstances of a given case").

      Here, although Heon and Fischer had no prior relationship before this ligation, they have submitted a declaration describing their decision to participate in this case and representing that they are able to work cohesively to ensure that the class achieves the largest possible recovery. See Joint Decl. of Heon and Fischer, ¶¶ 5-9, ECF No. 62-1. Moreover, Heon and Fischer both appear to be sophisticated investors, and have indicated that they fully understand their responsibilities and obligations as co-lead plaintiff. Id. ¶¶ 2-4, ECF No. 62-1. Given the lack of opposition to Heon and Fischer's motion, the Court is presented with no basis to doubt their representation that they can effectively work together to vigorously pursue the claims on behalf of the proposed class.

## **CONCLUSION**

For the reasons set forth, the Court **GRANTS** the motions at ECF Nos. 17 and 25. Heon and Fischer are appointed as co-lead plaintiff and their choice of counsel is appointed as co-lead counsel. The motions at ECF Nos. 14 and 21 are **DENIED**. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 14, 17, 21, and 25.

**SO ORDERED.**

DATED:    New York, New York
          September 27, 2022

                                                VALERIE FIGUEREDO
                                                United States Magistrate Judge