

1111 Summer Street, Ste. 403
Stamford, CT 06905
T: 203-992-4523
F: 212-363-7171
www.zlk.com

**Shannon L. Hopkins**
shopkins@zlk.com

December 5, 2022

**VIA ECF**
Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY  10007

Dear Magistrate Judge Figueredo:

> Re:  *Carpenter v. Oscar Health, et al.*, 22-cv-03885 ALC (VF)
> **Letter Motion to Withdraw Co-Lead Plaintiff Heon as a Lead Plaintiff**

Co-lead plaintiff Robert Scott Heon ("Heon") submits this letter motion for an order approving Heon's withdrawal as a lead plaintiff in this putative class action.  Heon seeks to withdraw as lead plaintiff pursuant to Federal Rule of Civil Procedure 21 and 15.  The other Court-appointed co-lead plaintiff, Vicki Riley-Fisher, shall remain as lead plaintiff.   Undersigned counsel for co-lead plaintiff Heon have conferred with counsel for defendants who stated they take no position on this request.

**I.   Background**

This action commenced on May 12, 2022, when plaintiff Lorin Carpenter filed a class action complaint alleging violations of §§11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 *et seq*., against Oscar Health, Inc. ("Oscar Health"), certain of its executive officers and directors, and the underwriters for Oscar Health's March 2021 Initial Public Offering ("IPO").

On July 11, 2022, class member Robert Scott Heon filed a motion to be appointed lead plaintiff based on losses from his purchase of Oscar Health securities pursuant to and/or traceable to the IPO (as set forth in his certification, ECF Nos. 19-1, 19-2), and for approval of his selection of Levi & Korsinsky, LLP, to serve as lead counsel.  On the same date, class member Vicki Riley-Fischer also filed a motion to be appointed lead plaintiff and for approval of her selection of Glancy Prongay & Murray, LLP, to serve as lead counsel.  On September 27, 2022, pursuant to the procedure set forth in the PSLRA, 15 U.S.C. §78u-4(a)(3)(B), the Court appointed plaintiffs Robert Scott Heon and Vicki Riley-Fischer as co-lead plaintiffs for the putative class and approved the lead plaintiffs' selection of their respective counsel, Levi & Korsinsky, LLP and Glancy Prongay & Murray, LLP to serve as co-lead counsel.  ECF No. 63.

On November 7, 2022, the Court granted plaintiffs' request to extend the time for the filing of their amended class action complaint ("Amended Complaint") to and including December 5, 2022.  ECF No. 67.  To date, defendants have not moved with respect to, or answered, any complaint filed in this action.

Lead Plaintiff Heon files the present letter motion in advance of the filing of the Amended Complaint and seeks to withdraw as lead plaintiff in this action, for personal reasons. His counsel, Levi & Korsinsky, LLP, are accordingly also withdrawing as co-lead counsel in the litigation. Levi & Korsinsky, LLP has contacted counsel for defendants who have stated they take no position on Lead Plaintiff Heon's request for withdrawal.

## II. Heon Should Be Permitted to Withdraw as Co-Lead Plaintiff

Federal Rule of Civil Procedure 21 provides in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133-34 (S.D.N.Y. 2007) ("It is certainly within the lead plaintiffs' discretion and, perhaps more importantly, part of a lead plaintiff's responsibility to propose their own withdrawal" when they no longer feel they will be able to serve the best interests of the class); *William S. v. Lassen County*, 2007 WL 1651243, at *2 (E.D. Cal. June 5, 2007) ("Plaintiffs are masters of their claim and may add or drop parties as allowed by applicable rules of procedure"); *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 379 (S.D.N.Y. 2000) (acknowledging lead plaintiff may "simply withdraw his or her expression of willingness to serve as Class Representative"). Moreover, under Federal Rule of Civil Procedure 15(a), plaintiffs may add or drop parties. *See Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 2020 U.S. Dist. LEXIS 223690, at *17-18 (E.D.N.Y. Nov. 30, 2020), citing *Washington v. N.Y.C. Board of Estimate*, 709 F.2d 792, 795 (2d Cir. 1983), and *Singh v. Prudential Ins. Co. of Am., Inc.*, 200 F. Supp. 2d 193, 196-97 n.7 (E.D.N.Y. 2002) (quoting, in turn, 3 James Wm. Moore *et al.*, *Moore's Federal Practice* § 15.16[1] (3d ed. 2000) ("before the time a responsive pleading is filed, all amendments are allowed as a matter of course, including amendments to drop or add parties")).

Accordingly, courts routinely allow parties to withdraw from class actions, at various stages of the litigation. *See NYSE Specialists*, 240 F.R.D. at 133; *In re Neopharm, Inc. Secs. Litig.*, 2004 WL 742084, at *1 (N.D. Ill. April 7, 2004) ("Certainly there is nothing extraordinary about this request, and removing…lead plaintiff is the appropriate and just approach if it does not wish to represent the class").

Moreover, here, the Court has previously appointed Vicki Riley-Fisher as co-lead plaintiff. Ms. Riley-Fisher is a qualified class member and remains ready, willing and able to continue to serve as lead plaintiff; therefore, this putative class action will proceed under the leadership of a plaintiff whom the Court has already appointed as a lead plaintiff and her Court-approved counsel, Glancy Prongay & Murray LLP and thus, the interests of the Class will be well-protected. Further, as stated, counsel for defendants has indicated that they take no position on the request for withdrawal. Accordingly, there is no basis to deny Mr. Heon's request and his motion to withdraw as lead plaintiff should be granted.

Insofar as Mr. Heon requests to withdraw as co-lead plaintiff, his chosen counsel, Levi & Korsinsky, LLP, also withdraws as co-lead counsel in this action.

Respectfully submitted,

/s/ *Shannon L. Hopkins*
Shannon L. Hopkins

cc:   All Counsel of Record via ECF