UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LORIN CARPTENTER, Individually and on
Behalf of All Others Similarly Situated,

                              Plaintiff,

          -against-

OSCAR HEALTH, INC. et al.,

                             Defendants.
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2022

22-CV-03885 (ALC) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Plaintiff Lorin Carpenter commenced this action, on behalf of himself and all others similarly situated, against Oscar Health, Inc. and various other defendants alleging violations of Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.*

      On September 27, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Court entered an Order appointing Robert Scott Heon and Vicki Riley-Fischer as co-lead plaintiffs for the putative class and their respective attorneys as co-lead counsel, reasoning that Heon and Fischer adequately demonstrated that they are both sophisticated investors who will work together cohesively to effectively pursue the claims on behalf of the class, and that both firms are well qualified to represent the class as co-lead counsel. See ECF No. 63. However, on December 5, 2022, Heon submitted a letter motion seeking an order approving his withdrawal as co-lead Plaintiff (and the withdrawal of his counsel as co-lead counsel) pursuant to Federal Rules of Civil Procedure 15 and 21. See ECF No. 70 at 1. The letter states that the other Court-appointed

1

co-lead plaintiff, Vicki Riley- Fischer, will remain as lead plaintiff. Id. Defendants have taken no position on this motion. Id.

Heon seeks withdrawal as co-lead plaintiff "for personal reasons." Id. at 2. Courts have granted requests to withdraw as lead plaintiff for a variety of reasons, including in circumstances where the withdrawing lead plaintiff remains in the class. See In re NYSE Specialists Sec. Litig., 240 F.R.D. 128, 134 (S.D.N.Y. 2007) ("It is certainly within the lead plaintiffs' discretion and, perhaps more importantly, part of a lead plaintiff's responsibility to propose their own withdrawal and substitution should it be discovered that they may no longer adequately represent the interests of the purported plaintiff class."); In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 120-22 (S.D.N.Y. 2002) (permitting substitution of lead plaintiffs); In re Oxford Health Plans, Inc., 191 F.R.D. 369, 379 (S.D.N.Y. 2000) (noting that a lead plaintiff may "simply withdraw his or her expression of willingness to serve as Class Representative, in order to avoid the risk of a possible adjudication to that effect, or for any reason").

Accordingly, Heon's motion to withdraw as co-lead Plaintiff is **GRANTED**. The Court has already determined Fischer and her counsel to be sufficiently qualified to represent the class, respectively as lead plaintiff and lead counsel. Fischer will continue to serve in her role as lead plaintiff and her counsel will remain lead counsel in this action.

**SO ORDERED.**

DATED:   New York, New York
         December 13, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge